UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN PAUL ROTH** | : | **DOCKET NO. 2:06-cv-688**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **J. P. YOUNG** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, John Paul Roth, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges the computation of his sentence. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On December 3, 1996, petitioner was arrested by police officers in Houston, Texas and charged with Possession of a Controlled Substance and Possession of Cocaine, 4 to 400 grams. He pled guilty to these offenses on August 29, 1997 in the 232nd District Court, Harris County, Texas and was sentenced to a term of 20 years on each charge, with the sentences to run concurrently.

Petitioner was indicted on federal charges on May 16, 1997. Prior to this guilty plea in state court, petitioner was produced in federal court pursuant to a writ of *habeas corpus ad prosequendum* on two separate occasions, May 27, 1997 and August 19-26, 1997, for a total of 9 days. *See* Government Exhibit A. Petitioner entered a guilty plea in federal court on August 26, 1997 wherein he pled guilty to violating 21 U.S.C. § 846 and 18 U.S.C. § 1956. *See United States v. Roth*, 4:97-cr-00096-1 (S.D. Tex.), doc. 157; Petitioner's Exhibits Doc. 17-3, pp.34-49. He was returned to state

custody, and following petitioner's guilty plea in state court, he was again produced in federal court on a writ of *habeas corpus ad prosequendum* for the period of time from December 19, 1997 to January 29, 1999. On January 27, 1999 petitioner was sentenced to 264 months imprisonment on the first count and 240 months on the second count, with the sentences to run concurrent. *See* Government Exhibit A., pp.4-5.

On March 1, 1999, petitioner's federal sentence was amended to include a recommendation that petitioner's federal sentence run concurrent to his state court sentence. *Id.* Based upon the recommendation of the federal sentencing judge, the Bureau of Prisons (BOP) issued a *Nunc Pro Tunc* designation letter on January 24, 2002, allowing petitioner's federal sentence to commence on the date it was imposed, January 27, 1999. *Id.,* p.11. Petitioner completed his state sentence on May 30, 2001. Petitioner was transferred to a federal correctional facility on November 6, 2001.

Once in federal custody, petitioner began challenging his sentence computation. *See* Petitioner's Exhibits, Doc. 17-3, pp.7-14. Specifically, petitioner sought a *Nunc Pro Tunc* designation beginning on the date of his arrest by state authorities on December 3, 1996. His administrative grievance was denied at institutional and regional levels. *Id.* He filed an appeal with the Office of General Counsel on May 19, 2003, but this appeal was rejected because petitioner failed to attach the decisions of the warden and the regional office regarding his grievance. *See* Government Exhibit B; Petitioner's Exhibits, Doc. 17-3, p16. Petitioner never re-submitted his appeal at the national level.

Thereafter on February 22, 2005, petitioner filed another administrative grievance, alleging the same claim, i.e. that he is entitled to credit on his federal sentence for all of the time spent in custody from the time of his arrest by Texas state authorities on December 3, 1996. *See* Petitioner's Exhibit, Doc. 17-3, pp.20-21. This grievance was rejected on March 5, 2005 because petitioner failed to attempt to informally resolve the matter. *Id.,* p.22. On June 9, 2005 petitioner resubmitted his

administrative grievance, and on July 20, 2005, he withdrew his administrative grievance because the matter had been informally resolved. *Id.*, pp.24-25. The February 1, 2006 sentence computation done by the BOP grants petitioner credit for the period from the date of his arrest on December 3, 1996 to August 28, 1997, the day before he was sentenced in state court. *Id.*, p.30.

On April 24, 2006, petitioner filed this petition for writ of *habeas corpus*, challenging his sentence computation on grounds that he is entitled to credit on his federal sentence for the entire time spent in custody since his arrest in December, 1996. From the information in the record, it appears that petitioner has been granted credit on his federal sentence for all time spent in custody since December 3, 1996 with the exception of the time between his sentencing in state court and his sentencing in federal court, i.e. August 29, 1997 to January 26, 1999. It is this period of time for which petitioner currently seeks credit.

The government has responded to the petition and seeks dismissal of the petition on the grounds that (1) petitioner has not properly exhausted the available administrative remedies and (2) petitioner is not entitled to additional credit on his federal sentence.

## LAW AND ANALYSIS

### I.     Exhaustion of Administrative Remedies

Exhaustion of administrative remedies through the BOP is required before a prisoner seeks judicial review of a sentence computation. The United States Supreme Court has noted that federal regulations afford prisoners administrative review of the computation of their credit for time served and that inmates seeking judicial review of that computation may do so after exhausting their administrative remedies. *United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992) citing 28 CFR § 542.10-542.16; *see also United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)("[n]ot only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust

3

his administrative remedies through the Bureau of Prisons."); *McMahon v. Fleming,* 2005 WL 1940151 (5th Cir. 2005).

The Fifth Circuit Court of Appeals has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. §2241 is required to exhaust his administrative remedies. *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

In the present case, petitioner sought review of his administrative claim at the national level. However, his grievance was rejected because he failed to properly file it. Despite being given an opportunity to re-submit the BP-11, petitioner failed to do so. Thus, petitioner has not properly exhausted the available administrative remedies.

## II. Merits

Notwithstanding petitioner's failure to properly exhaust the available administrative grievance procedure, he is not entitled to the relief sought.

It is the function of the United States Attorney General, through the Bureau of Prisons, to compute jail time credit in accordance with 18 U.S.C. §3585(b)[1]. Credit is given toward a prisoner's term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." A prisoner has the right to have the

---

[1](b) CREDIT FOR PRIOR CUSTODY-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

Attorney General's determination reviewed by a court after exhausting his administrative remedies. Wilson, 112 S.Ct. at 1355.

A review of the entire record in this case satisfies the court that petitioner is not entitled to additional credit on this sentence.

Petitioner's argument seems to be that because his federal sentence was ordered to run concurrent to his undischarged state sentence, the federal sentence was retroactively concurrent with the full term of the undischarged state sentence and not just the remainder of the undischarged state sentence. An almost identical argument was rejected by the Fifth Circuit in *Button v. United States*, 85 Fed.Appx. 996, 2004 WL 179376 (5th Cir. 2004). The concurrent nature of petitioner's federal and state sentences does not entitle him to credit on his federal sentence for time served on his state sentence prior to the imposition of his federal sentence.

Additionally, the BOP is not required under 18 U.S.C. § 3585(b) to grant petitioner credit for the time spent in custody between August 29, 1997 and January 26, 1999 because time has already been credited to another sentence, i.e. petitioner's State sentence. This is true despite the fact that petitioner spent the majority of this time (December 19, 1997 and January 29, 1999) in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. When he was presented in federal court pursuant to a writ of *habeas corpus ad prosequendum*, the nature of his custody did not change from state to federal. *See United States v. Evans,* 159 F.3d 908, 911 (4th Cir. 1998)(writ of *habeas corpus ad prosequendum* does not effect transfer of custody). The State of Texas remained the primary custodian of petitioner.

"A writ of *habeas corpus ad prosequendum* [merely] enables a state [includes any jurisdiction, federal or state] to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." *Flick v. Blevin*, 887 F.2d. 778, 781 (7th Cir. 1989).

When a prisoner is transferred pursuant to a writ of *habeas corpus ad prosequendum*, the sending state retains jurisdiction over the accused, and a return to the sending state is normally required. Until the prisoner is returned to the sending state, the other jurisdiction is unable and not entitled to enforce its sentence. *Flick v. Blevin*, 887 F.2d. at 782; *Crawford v. Jackson,* 589 F.2d. 693, 695-96 (D.C. Cir. 1978).

For these reasons,

IT IS RECOMMENDED that this petition be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, April 10, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE